# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
~~~~~ ~~MEXICO

DEC 1 9 2001

CLERK

CORT MOFFIT

       Plaintiff,

vs.

CIV NO. 01-1114 M/WWD

ROCKY LONG and
BREDA BOVA, in their
individual and official capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on the Defendants' Rocky Long and Breda Bova

Motion to Dismiss Count I for failure to state a claim. Having reviewed the moving papers, I

find that the Defendants' Motion is well taken and will be granted as to Count I. Count II has

been dismissed by mutual agreement of the parties (Doc. No.11 ). The Complaint contained only

these two counts. Therefore, the case is now dismissed in its entirety.

## FACTUAL BACKGROUND

Cort Moffitt was a scholarship football player for the University of New Mexico football

team and a college student at the University (UNM). Mr. Moffitt played for two years as the

starting punter for the UNM football team under Defendant Coach Rocky Long. Mr. Moffitt

1



advised the team coaches he would like to be considered for the starting place kicking position on the football team. He did not receive this starting position for the 2001 season. Unhappy with his limited position on the team, Mr. Moffitt told Coach. Long that he would be leaving the football team for the school year 2001-2002 and would seek a transfer to a school that would allow him more playing time on their football team.

The UNM football program is a Division I athletic program subject to specific National Collegiate Athletic Association (NCAA) rules. Under these rules a student on an athletic scholarship, such as the Plaintiff, is permitted to transfer to another school with a Division I program. However, the student must sit out a full year before competing athletically for his new school. During that year, the student is not eligible to receive an athletic scholarship. Mr. Moffitt does not contest the application of these NCAA rules to his situation.

NCAA Division I rules also allow the school from which the athlete is transferring to "release" the athletic scholarship student. If the athlete receives the "release", he may begin receiving an athletic scholarship from his new school during his first year of transfer and may immediately begin competing for his new school in a Division I sport. If the athlete does not receive his "release" from his transferring school, he must not only sit out a year but is also prohibited from receiving an athletic scholarship and may not speak to other Division I sport programs. The purpose of these rules is apparently to discourage college athletes from transferring precipitously from one school to another and to discourage schools from recruiting student-athletes already enrolled in a Division I program at another school.

The decision whether to grant the "release" is discretionary with the school from which the college athlete is transferring. Mr. Moffitt asked his coach Mr. Long for his "release" so that

2

he could get an immediate athletic scholarship and play for another school. Without his release Mr. Moffitt could transfer to another school but would apparently have to pay his own tuition at his new school. Coach Long refused to provide Mr. Moffitt with a "release".

Mr. Moffitt appealed Coach Long's decision to a UNM committee chaired by the Defendant Associate Dean Breda Bova. At a hearing held by the committee, Mr. Moffitt was given the opportunity to present his reasons for leaving the team and his reasons for requesting a "release". Coach Long also presented his reasons for refusing to provide Mr. Moffitt with a "release". A few days after the hearing, Ms. Bova informed Mr. Moffitt that the committee upheld the decision to refuse to "release" Mr. Moffitt from the UNM football program.

## STANDARD OF REVIEW

The Defendants have brought their Motion to Dismiss Count I as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6). The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the non-moving party, in this case the Plaintiff. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the plaintiffs. *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12 (b)(6) motion should not be granted 'unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *David v. City and County of Denver*, 101 F.3d 1334, 1352 (10th Cir. 1996), *cert. denie*d, 522 U.S. 858 (1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

It is my determination that the Plaintiff Cort Moffitt can prove no set of facts that would entitle him to the relief he seeks. The "release" he sought and was denied by the Defendants Coach Rocky Long and later Associate Dean Breda Bova is not a property interest to which he is entitled. Since the Plaintiff Mr. Moffitt has no property interest in the "release", the Plaintiff cannot claim a violation of the procedural due process requirements of the Fourteenth Amendment. Therefore, he fails to state a claim upon which relief can be granted and the Complaint is dismissed.

Both parties agree that the right to play intercollegiate athletics is not a property interest. "The courts have consistently held that participation in interscholastic athletics is not a constitutionally protected fundamental right." *Graham v. NCAA*, 804 F.2d 953, 959, fn.2, (6th Cir. 1986) citing *Hamilton v. Tennessee Secondary School Athletic Ass'n.*, 552 F.2d. 681, 682 (6th Cir. 1976). *Colorado Seminary v. NCAA*, 570 F. 2d 320 (10th Cir. 1978), *Albach v. Odle*, 531 F.2d 983 (10th Cir. 1976).

The Plaintiff argues that the withheld "release" however rises to the level of a protected property interest citing *Angelmeyer v. Hamilton County Hospital*, 58 F. 3d 533 (10th Cir, 1995), *Casias v. City of Raton*, 738 F. 2d 392 (10th Cir. 1984) and *Gossett v. Board of Regents for Langston University*, 245 F.3d 1172 (10th Cir. 2001) because it is his means to an immediate athletic scholarship. However the cases cited by the Plaintiff all held that a property interest must be created by state law or some other independent source such as regulations, city ordinances, rules of an institution or even implied contracts (in the case of an employment

situation) to rise to the level of a protected property interest. A claim of entitlement, which is a type of property interest, may rise to the level of a protected property interest. But in examining whether a claim of entitlement rises to such a level, the courts will look to state law to determine whether the entitlement is recognized as legitimate. *Casias. v. City of Raton*, 738 F. 2d 392 (10th Cir 1984) (a claim of continued employment may be a property interest).

"To establish a property interest in a particular benefit, one must have a 'legitimate claim of entitlement to it'". *Id.* at 394, quoting *Board of Regents v. Roth*, 408 U.S. 564, 576 (1972). Therefore, to establish a protected property interest in the "release" the Plaintiff must allege in his Complaint that 1) there is a benefit to him in the "release", 2) to which he has a legitimate claim, and 3) that he is entitled to the benefit by reference to state law.

The Plaintiff has established in his Complaint that there is a monetary and athletic benefit to him in obtaining the "release", the ability to acquire an athletic scholarship and the ability to play for a team of his choice immediately instead of waiting a full year. However, Plaintiff has not alleged that he has a legitimate, that is lawful, claim to the "release". His Complaint alleges that the NCAA rules allow the school from which the athlete is transferring to withhold a "release" of the athlete transferring from the school. (Doc. No. 1, Exhibit A, ¶14). The decision whether to "release" the student athlete from the football team is discretionary with the school. In the instant case, the UNM football coach exercised that discretion not to grant the "release" to Mr. Moffitt. The Plaintiff had no legitimate, or lawful, claim to the "release". The NCAA rules do not establish a right or claim in the Plaintiff to his "release". Furthermore, there are no New Mexico statutes, NCAA rules or regulations or UNM regulations cited by the parties which create an entitlement to this "release".

5

The allegation in the Complaint that Coach Long gave the other scholarship football players who had decided to leave the team "releases" so they could transfer to other programs does not establish that the Plaintiff had a legitimate claim to his "release". (Doc. No. 1, Exhibit A, ¶17) This action by Coach Long may have created an expectation in the Plaintiff's mind that he also would receive his "release", but it did not create an entitlement. The courts have addressed the issue of an expectation in the context of interscholastic athletics. In *Spath v. NCAA*, 728 F.2d 25 (1st Cir. 1978), a Canadian college hockey player playing for a United States university was declared ineligible to play and receive his athletic scholarship for his last year at the university. His scholarship was renewed each year and was dependent on his eligibility to play college hockey. While he had an expectation that he would be granted his athletic scholarship for his last year at the university, that expectation did not rise to the level of a protected property interest. The Court held that due process rights do not attach to expectancies such as the expectancy of a scholarship. *Board of Regents v. Roth, supra.*

The Plaintiff also cites cases involving the suspension of plaintiffs' educational assistance benefits from government sources such as the Veteran's Administration. *Devine v. Cleland*, 616 F. 2d 1080 (9th Cir. 1980), *Mathes v. Hornbarger*, 821 F.2d 439 (7th Cir. 1987). But in both of those cases the court found that the students had "vested statutory entitlements" which rose to the level of a property interest protected by the Due Process Clause of the Fourteenth Amendment. The "release" which Plaintiff sought was neither vested, nor supported by statute, nor an entitlement as explained previously.

## CONCLUSION

Having failed to establish that he had a lawful claim to the "release" or an entitlement to it established by law or regulation, the Plaintiff has failed to state a claim for which relief can be granted. Therefore, the Defendants' Motion to Dismiss Count I is granted.

SENIOR UNITED STATES JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
MEXICO

DEC 1 9 2001

CLERK

CORT MOFFIT

      Plaintiff,

vs.                            CIV NO. 01-1114 M/WWD

ROCKY LONG and
BREDA BOVA, in their
individual and official capacities,

      Defendants.

### JUDGMENT

Having entered a separate Memorandum Opinion and Order contemporaneously with this

Judgment,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered

in favor of the Defendants on all of Plaintiff's claims, which are hereby dismissed with prejudice.

_____
SENIOR UNITED STATE JUDGE

